# SYLVANUS BLOICE, Appellant
## v.
# GOVERNMENT OF THE VIRGIN ISLANDS, ex rel.; IDA CRUZ BLOICE, Appellee

District Court Civ. App. No. 93-57

Territorial Court Fam. No. D24-1989

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 25, 1994

VINCENT F. FRAZER, ESQ., St. Thomas, U.S.V.I., *for appellant*

DEANA M. BOLLING, ESQ., Asst. Atty. General, (Department of Justice), St. Thomas, U.S.V.I., *for appellee*

MOORE, *Chief Judge,* District Court of the Virgin Islands; BROTMAN, *Senior Judge* of the United States District Court for the District of New Jersey, Sitting by Designation; and CABRET, *Judge* of the Territorial Court of the Virgin Islands, St. Croix Division, Virgin Islands, Sitting by Designation.

## OPINION OF THE COURT

Appellant contends that the Territorial Court Judge abused his discretion in denying his request for a modification of child support award. For the reasons set forth below, this Court will affirm the Territorial Court's February 11, 1993 Judgment and Order.

## I. FACTUAL BACKGROUND

Appellant was divorced from his wife on November 3, 1989, and was ordered to pay $400 monthly child support for their one child from which he was permitted to deduct $100 for each month that he visited this son on St. Croix. In July, 1992, appellant requested a change in visitation and support. At the hearing on August 19, 1992, appellant testified that his remarriage had brought two additional children into his household. Appellant also stated he would have more time to spend with his son due to a cutback in overtime at work. His estimated monthly income was $1,775 and estimated expenses totalled $2,290, including 3 loan repayments and house payments made to his second wife for their house (in her name). App. at 14–16. Appellant's ex-wife testified that she had also remarried and had outstanding loans.

After discussing his findings with the parties, the trial judge found that appellant was currently paying approximately 48% of the child support, and that no exceptional circumstances existed to support a downward modification. App. at 21–24, 31. The court granted increased visitation and directed the parties to submit a proposed new visitation order for his review. While acknowledging that appellant was under "severe hardship," the judge noted

that everyone was experiencing the same financial pinch and that he was bound by the guidelines to so rule. App at 25. The court pointed out that by taking his son for extended periods of time, appellant would then be entitled to a decrease in support payments. This appeal ensued.[1]

## II. DISCUSSION

 The trial court's findings of fact are not to be disturbed on appeal unless clearly erroneous. Cooper v. Tard, 855 F.2d 125, 126 (3d Cir. 1988). Denial of modification will not be set aside unless the judge abused his discretion and the denial is not justified by the evidence. Modification of child support is determined in the Virgin Islands by applying specific rules and regulations which provide formulas and criteria for review. V.I. R. & Regs. tit 16, § 345.

Appellant makes several arguments to demonstrate how the trial court judge's decision was erroneous. First, he contends that the judge's order denying modification but granting a change in visitation is inconsistent since the two are directly related. This assumption is misplaced, however, because the two areas are independent of each other. E.g., Government of the Virgin Islands v. Stanwood, 21 V.I. 571, 577 (Terr. Ct. St. T. 1985) (citing other non-Uniform Reciprocal Enforcement of Support Act cases commenting on the exclusivity of support and visitation remedies).

 In addition, while the request for increased visitation was granted, no specific details were approved. The Amended Order dated April 14, 1993 directed the parties to submit a mutually acceptable visitation schedule, and if none could be arranged, to request the court's assistance. At the hearing, the judge also stated that appellant could drastically reduce his payments by taking custody of his son for substantial periods, child support could be drastically reduced, but that a specific request should be made when the details were worked out. App. at 27–28. Thus, we fail to observe any inconsistency within the trial court's order, since calculation of an appropriate modification, if any, would have been dependent on how much time the child would spend with each parent.

---

[1] We take judicial notice that the trial judge has left the Territorial Court.

■ Appellant alleges that the trial court disregarded the Support Guidelines[2] and established principles for analyzing the child's reasonable needs and the parents' abilities to provide support, allowing for the parents' reasonable living expenses. Appellant points to section 345–06 of the Guidelines as permitting variance from the Guidelines if "it is determined that injustice would result from the application thereof." Although appellant refers to his reduction in overtime to allege that he is underemployed, the trial court was not obligated to decrease his support obligation based on that factor alone. Since appellant was only paying $400 monthly in support, the judge stopped adding up the child's expenses after $800 of monthly expenses were established through the record. App. at 23. We thus fail to observe how an injustice occurred by denial of appellant's request for modification, and agree that the "injustice" exception is to be applied only in extreme circumstances. Finally, we rule that deviation from the established policies would be inconsistent with the child's best interests in light of the child's current living expenses. Based on the findings dictated by the Court regarding the expense amounts and change in appellant's income, we affirm the lower court's ruling regarding this issue.[3]

■ Although the record clearly establishes the court's consideration of the relevant factors, appellant contends that the trial court failed to make findings of facts pursuant to V.I. Code Ann. tit.

---

[2] The Child Support Guidelines applicable in this appeal are codified at V.I. R. & Regs. tit 16, § 345. App. at 4. Section 345-03 suggests that modification of awards set prior to the Guidelines' enactment (October 1, 1991) may be appropriate if the resulting calculation demonstrates a 25% or more change in the amount awarded.

[3] We also summarily reject appellant's contention that the trial court abused its discretion in improperly excluding pertinent financial data, specifically, the contribution by the wife's new husband. Section 341(e) defines income as any form of periodic payment, regardless of source, made by any person. V.I. Code Ann. tit., 16, § 341(e). We find that the wife's new husband's contribution of payment towards credit card purchases is more appropriately categorized as a gift rather than income, since it does not appear from the record that the amount was earned or periodically made, and the expenses were attributable to her and her new husband. Finally, appellant has made no proffer that the amount paid by the new husband would have increased appellant's percentage of support to exceed 50% of the child's needs.

131

16, § 345(c).[4] This Court reversed a trial court's child support decree in Government of the Virgin Islands v. Anthony, V.I. Bar BBS 93CI105A.DT2 (D.V.I. App. Feb. 22, 1994). In Anthony, however, the trial court "openly and candidly disregarded the requirement" to include the amount that would have been established under the guidelines' worksheets. Government of the Virgin Islands v. Anthony at 5. Although V.I. R. & Regs. tit 16, § 345-05 requires the trial court or administrative officer to put findings "within the parameters of the Worksheet forms as to the parties' income and the child(ren)'s needs" into the record for initial awards, V.I. Code Ann. tit. 16, § 345(c) only specifically requires written findings when requests for modification are denied.[5] The trial judge's review in this matter recognized the established procedure, but did not specifically state the amount established through use of the worksheets. The judge did add up the child's monthly expenses until he reached an amount which would yield a sum in excess of appellant's $400 monthly contribution. The trial judge considered that any further worksheet calculations would have been an exercise in futility.[6] Appellant has not shown this technical noncom-

---

[4] The record does not indicate that the worksheet employed by appellant was ever moved into evidence, even though it is clear that the trial judge had income and expense calculations before him, either created by outlining the testimony or by submission of a worksheet. Although the worksheets utilized by the parties are not a part of this appellate record, all the submitted evidence indicates that the trial judge considered the elements espoused by the worksheets to conclude that modification was not appropriate. specifically the Territorial Court referred to evidence presented by the parties demonstrating changes in income, needs, and other financial commitments which demonstrates adequate review of all pertinent data presented on the worksheet forms.

[5] V.I. Code Ann. tit. 16, § 345(c) reads in part:
The guidelines may be modified or disregarded if it is determined that injustice would result from the application thereof. Such determination must be based on criteria taking into consideration the best interests of the child (children), and further must be supported by specific and written findings of fact, including, at a minimum, the amount that would have been established by the guidelines and the reasons for the variance therefrom.
In Anthony, this Court reversed an initial award ordered by the Territorial Court that decreased the amount of support determined by the administrative hearing officer through application of the worksheets. Government of the Virgin Islands v. Anthony, V. 1. Bar BBS 93CI110A.DT2 (D.V.I. App. Feb. 22, 1994).

[6] The trial judge ceased calculating the amount of this child's monthly expendi-

pliance with the guidelines was either an abuse of discretion or caused the denial to be unjustified by the evidence. While we do not condone the trial court's failure to articulate what would have been the award as a product of the worksheet calculations, remanding this matter to ensure technical compliance would be a waste of judicial resources.

## III. CONCLUSION

Although the trial court erred in disregarding the statutory requirement enunciated in V.I. Code Ann. tit 16, § 345(c) that the judge must enter findings of fact stating the support award established by the guidelines, trial court's denial of modification was not clearly erroneous. We therefore affirm the Territorial Court's Judgment and Order dated February 11, 1993. An appropriate order will be entered.

## ORDER OF THE COURT

AND NOW, this 25th day of May, 1994, after careful review of the record and having considered the submissions and arguments of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;
IT IS ORDERED:

THAT the Territorial Court's Judgment and Order dated February 11, 1993 are AFFIRMED.

---

tures when the expenses reached $875 since appellant was only ordered to pay $400. Appellant's payments were less than his estimated 48% of financial responsibility. App. at 20–24. As noted at trial, mere quantitative calculations of the parties' incomes and expenses will not determine whether variance from the worksheets is appropriate. The best interests of the child must also permit deviation.